Good morning, Your Honor. I represent the appellant in this matter, Bermore Malave. I think, Bermore Malave, I think we have an issue in this case of a David and Goliath problem. This is a discrimination case. Discrimination is very hard to prove visibly. In most instances, discrimination is hidden, and it is required testimony and proof by a jury to determine and find that discrimination. In this case, the district court found that it was undisputed that my client was from a protected class. He was Hispanic. The district court found that my client had a disability, undisputed. The district court found that my client was engaged in protected activity. He had filed a workers' compensation claim. But the problem lies in that the district court found that it was also undisputed that there was no adverse employment discrimination. My contention and my client's contention is that there is, there was a dispute as to adverse employment action. Okay, what, so what is the adverse employment action that you're claiming here? The district court did an analysis of several different actions and went one by one. Why don't you tell me which one you're, what you are claiming? What am I claiming? First of all, we have to look at the whole picture as a whole. You can't, you can't tell me what the adverse. Yes, I will. What was it? First of all, my client was given extra duties after some of his employees were terminated. That's one. And the district court made some allusion that that in and of itself may be a basis for an adverse action, but the district court didn't find to be true. Secondly, after my client received several doctor's restrictions or accommodations, the human resources person questioned those, questioned those restrictions numerous times. Thirdly, my client's position was terminated, but his employment was not. And the district court hinged on that issue to determine there was no adverse employment action. But I would want to tell this court that it's an illusion, it's a fiction. Even though his position was terminated and he's still in inactive status, that is constructive termination. I do believe this is a constructive adverse employment termination action. And the resolution on this case lies on that issue whether this court can find constructive adverse employment action, because that is derivative of all the other state claims that are in this lawsuit. And this court should allow this case to proceed to trial so that a jury can make the determination that there was constructive employment adverse action read as a whole in this case. Okay. Thank you. Yes. Let me ask you one question. When you say the district court said that putting him on layoff or leave until indefinitely was not an adverse employment action, they said he was placed on inactive status. Correct. But was advised to report when he was released to return to work. It's a fiction. It can never happen. But did he ever report? He can't. He's totally disabled. Right. So if he's totally disabled, what is the adverse action? If he can't work. Because the facts read as a whole and the complaint led to that termination of his position and forthwith his inactive status. But he can't work. He's unable to work. Not right now. No, he can't. We're looking at a span. He's been told that he should return when he's able to. When he's able to. But it's a fiction. What's a fiction? My client can never return to work. It's a pretext. You mean because of his physical condition? Because of the conditions that were exasperated by his working conditions that led to his current disability. Okay. Thank you. May it please the Court. Adam Levin of Mitchell, Silverberg & Knapp for the appellees, UMG Recordings, Inc., David Hudson, Veronica Caban, and Roberta Hernandez. Your Honors, the handling of this case by UMG should be a case study for what an employer should do when an employee claims to have a disability and to need a leave of absence. When the appellant indicated that he needed time off, the company gave him the time off, afforded him his full 12 weeks of leave under the FMLA. It's undisputed. When he sought to return to work, they allowed him to return from FMLA leave. He then submitted a note from his doctor putting certain limitations on his return, and the company asked for information about the limitations. That is what employers are supposed to do, engage in an interactive process, find out about the limitations, find out if they can accommodate the limitations. Mr. Malave didn't want to provide the information or wasn't able to and instead returned to his job without limitations. He then went out again, came back, again with limitations, again the company sought information, again Mr. Malave refused to provide it. And finally, in early 2004, he injured himself moving some servers. Mr. Aviles has argued that that duty was an adverse employment action. Under Nichols and McRae, in order for there to be an adverse employment action, there has to be a significant change in employment status. Typically, as a company ---- But do you not think it's a significant change in employment status to say your job's been eliminated, you're placed on inactive status, and when you're able to work, come back and we'll see if there are any other jobs for you? Isn't that a change in status? We would argue that that is not a change, a significant change in employment status. Mr. ---- Well, it's lucky your case doesn't depend on that. Well, Your Honor, at the point in time where the company eliminated Mr. Malave's position, he admittedly was totally and permanently disabled. He has never sought to return to work. If he hadn't been permanently disabled, he still would have gotten a letter like this telling him his job had been eliminated. If he had been totally disabled, yes, likely his position would have been eliminated. But the reality is that he wasn't that way. That would have been a change in status. If he had been at work, Your Honor, it would have been a change in status. But he wasn't at work, so it had no adverse impact on him. It caused no change in anything for him. It didn't affect his benefits, his pay or anything because he was not able to work. He was not at work. He never sought to return to work. He never called anybody at the company. And, in fact, as of the date where the Court entered summary judgment, Mr. Malave remained totally and permanently disabled. So under this Court's precedent, Nichols, there was no adverse employment action. As the Court has correctly pointed out, that's just one of the grounds upon which summary judgment was granted, because even if there was an adverse employment action, there's no evidence at all, anywhere in the record, linking any adverse employment action to any protected factor. And that's yet another reason. So unless the Court has any questions, we will submit.
judges: Pregerson, Reinhardt, Wardlaw